UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| MARSHON JOHNSON | | **DECISION** |
| Plaintiff, | | **and** |
| v. | | **ORDER** |
| NANCY A. BERRYHILL,[1] Commissioner of Social Security, | | **17-CV-00993F** (**consent**) |
| Defendant. | | |

_____

APPEARANCES:     LAW OFFICES OF KENNETH R. HILLER, PLLC
Attorneys for Plaintiff
TIMOTHY HILLER, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY, JR.
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
        and
DENNIS CANNING
Special Assistant United States Attorney, of Counsel
Office of General Counsel
Social Security Administration
601 E. 12th Street
Room 965
Kansas City, MO 64106
        and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. In accordance with the Federal Vacancies Reform Act, Ms. Berryhill briefly resumed her position as the Deputy Commissioner for Operations from March 6, 2018 until April 17, 2018, returning to her role as

Acting Commissioner when the President nominated Andrew M. Saul to be Commissioner of Social Security Administration.  *See* 5 U.S.C. § 3346(a)(1)(2)

                GRAHAM MORRISON
                Social Security Administration
                Office of General Counsel
                26 Federal Plaza
                Room 3904
                New York, NY 10278

## **JURISDICTION**

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 14), to proceed before the undersigned.  (Dkt. No. 14-1).  The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 30, 2018 (Dkt. No. 11), and on June 13, 2018 by Defendant (Dkt. No. 13).

## **BACKGROUND**

Plaintiff Marshon Johnson ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on July 19, 2013, for Supplemental Security Income under Title XVI of the Act ("SSI") ("disability benefits").  Plaintiff alleges he became

disabled on November 1, 2012, as a result of a fractured right femur and left ankle pain (R. 157). [1] Plaintiff's application was denied on September 17, 2013 (R. 82), and upon Plaintiff's timely request, on March 15, 2016 a hearing was held in Buffalo, New York, before administrative law judge Timothy McGuan ("the ALJ"). (R. 32-61). Appearing and testifying at the hearing were Plaintiff, with legal counsel Kelly Laga, Esq ("Laga"), and vocational expert Jean Beechler ("the VE").

On June 13, 2016, the ALJ issued a decision denying Plaintiff's claim (R. 20-27) ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Laga appointed to represent Plaintiff on his administrative appeal. On August 2, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On October 3, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On April 30, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 11) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11-1) ("Plaintiff's Memorandum"). On June 13, 2018, Defendant filed a motion for judgment on the pleadings and in response to Plaintiff's brief (Dkt. No.13) ("Defendant's Motion"), attaching a Memorandum in Support and in Response to Plaintiff's Brief (Dkt. No. 13-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on August 29, 2018, Plaintiff's Response to the Defendant's Motion (Dkt. No. 18) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

---

[1] "R" references are to the page of the Administrative Record electronically filed by Defendant on February 27, 2018 (Dkt. No. 8).

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

**FACTS**[2]

Plaintiff was born on October 17, 1973, completed 11th grade in high school, attended but did not complete school to get his GED, and alleges that he became disabled on November 1, 2012, as a result of a fracture to his right femur and right knee pain. (R. 37, 153-57). It is undisputed that on March 18, 2016, Plaintiff underwent right knee revision surgery ("revision surgery"). (R. 427).

**DISCUSSION**

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

5

severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[4] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof

---

[4] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found that Plaintiff did not engage in substantial gainful activity since July 19, 2013, and has the severe impairments of chronic right knee pain status post total right knee replacement, that Plaintiff's impairments or combination of impairments do not meet or medically equal the severity of any impairment in the Listings in Appendix 1, that Plaintiff retained the residual functional capacity to perform light work with limitations to no crawling, crouching, kneeling, squatting and driving, occasional climbing of ramps or stairs, no climbing ladders, ropes or scaffolds, sit/stand every 45 minutes, and avoid humidity, wetness and extreme cold. (R. 23). The ALJ further concluded that Plaintiff has no past relevant work and, thus, no transferable job skills, but given his age of 39, less than high school education, ability to communicate in English, and residual functional capacity for light work, Plaintiff is capable of performing work existing in significant numbers in the national economy including work as a buffing machine tender and storage facility clerk and, as such, is not disabled as defined under the Act. (R. 26)

Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step analysis, but argues that at step four, the ALJ improperly evaluated Plaintiff's subjective complaints, the opinion of Nurse Practitioner Takesha Leonard ("N.P. Leonard"), and erred in not completing a gap in the record following Plaintiff's right knee revision surgery. Plaintiff's Memorandum at 9-18. Defendant argues that substantial evidence to support the ALJ's finding that Plaintiff is capable of light work includes consistent evaluations of Plaintiff's normal gait and stance, good

7

range of motion, normal right knee X-rays, ability to complete activities of daily living and attempts to engage in work. Defendant's Memorandum at 16-18. Defendant further maintains the ALJ properly evaluated the findings of N.P. Leonard as N.P. Leonard's opinion that Plaintiff has limited ability to lift and bend was time-limited to oneto-three months.

Plaintiff's subjective complaints

  Plaintiff agrees with the ALJ's finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (R. 25), and that Plaintiff's testimony and physician reported pain of eight to ten on a ten-point scale with prolonged sitting and standing was supported by objective medical evidence in the record, but argues that the ALJ erred by not including such findings in the Plaintiff's residual functional capacity assessment. Plaintiff's Memorandum at 25. Plaintiff's contention is without merit. Plaintiff's Memorandum at 9.

  Effective March 16, 2016, the Social Security Administration updated guidance pertaining to evaluation of a disability claimant's symptoms and to clarify that "subjective symptom evaluation is not an examination of the individual's character." *See* S.S.R. 163p, 2016 WL 1119029 (effective March 16, 2016) ("SSR 16-3p"). A claimant's statements about the intensity, persistence and limiting effects of symptoms may be supported by pertinent objective medical evidence, statements from the claimant, medical and non-medical sources, daily activities, the location, duration, frequency and intensity of pain, factors that precipitate and aggravate symptoms, type, dosage, and side effects of medication, pain treatment other than medication that the individual uses

8

to alleviate pain or other symptoms, and attempts to seek and follow treatment. Where the individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with one another, objective and other evidence in the record, a finding that the individual's symptoms are more likely to reduce his or her capacity for work is appropriate. SSR 16-3p, at *8.

In this case, the ALJ's residual functional capacity assessment included the findings of consultative examiner Abbrar Siddiqui, M.D. ("Dr. Siddiqui"), who, on September 10, 2013, found Plaintiff had only mild limitations to sitting, standing, climbing, pushing, pulling and carrying heavy objects (R. 25), and the findings of Mark Anders, M..D. ("Dr. Anders"), who, on September 11, 2015, who opined that Plaintiff was capable of light duty work with no kneeling or squatting, occasional stair climbing, no crouching, kneeling, squatting, or climbing ladders, ropes or scaffolds (R. 23), as well as Plaintiff's normal right knee X-rays on April 24, 2013 (R. 231), May 29, 2013 (R. 233), July 15, 2013 (R. 234), September 10, 2013 (R. 260), June 3, 2014 (R. 290), August 29, 2014 (R. 295), October 29, 2014 (R. 321), January 2, 2015 (R. 324), July 18, 2015 (R. 374), January 26, 2016 (R. 412), and Plaintiff's pre-surgical right knee X-ray on June 14, 2014, that revealed possible osteonecrosis (loss of blood supply to a bone). (R. 290). In accordance with the foregoing, the ALJ's residual functional capacity assessment of Plaintiff is thus supported by substantial evidence in the record. Plaintiff's motion on this issue is therefore DENIED.

Plaintiff further contends that the ALJ erred by not providing reasons for excluding N.P. Leonard's finding that Plaintiff's ability to work included limitations to Plaintiff's ability to lift more than seven pounds, with no bending or strenuous knee

9

activity in the ALJ's residual functional capacity assessment. Plaintiff's Memorandum at 14-16. Defendant maintains that the ALJ was not required to include N.P. Leonard's findings, as such findings were inconsistent with substantial evidence in the record and expected to last only one-to-three months and therefore less than the 12-month durational requirement. Defendant's Memorandum at 16-18. Plaintiff's motion is without merit. The ALJ's determination included discussion of N.P. Leonard's Medical Examination for Employability Assessment Disability Screening Determination dated on May 21, 2014, affording "great" weight to N.P. Leonard's finding that Plaintiff had some limited range of motion with crepitus (grating, cracking or popping sounds in a joint), with normal gait and stance, was moderately limited in his ability to walk, stand, lift, carry, bend, push, pull, and climb stairs, as such findings were consistent with the record as a whole, Plaintiff's X-rays, and N.P. Leonard's examination findings on April 25, 2014, that Plaintiff exhibited left knee tenderness, limited range of motion and crepitus. (R. 24). It is thus clear from the record that the ALJ considered N.P. Leonard's findings while evaluating Plaintiff's residual functional capacity and reached a conclusion, supported by substantial evidence, with which Plaintiff does not agree, but "'[a]n ALJ does not have to state on the record every reason justifying a decision [and is not] required to discuss every piece of evidence submitted.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed. App'x 58, 59 (2d Cir. 2013) quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Plaintiff's motion on this issue is therefore DENIED.

Plaintiff's contention that the ALJ was required to obtain a medical opinion following Plaintiff's right knee revision surgery is also without merit. Dr. Anders

completed Plaintiff's right knee arthroplasty (surgery to relieve pain and restore range of motion by reconstructing a joint) on March 18, 2016, and such records are stamped as received by the Office of Disability on April 15, 2016.  (R. 427).  On March 21, 2016, during a post-surgical examination of Plaintiff's right knee, Dr. Anders noted that Plaintiff reported intermittent knee pain affecting his sleep worsened with ambulation, and that his narcotic medication was helping to relieve his pain.  (R. 427).  Accordingly, contrary to Plaintiff's argument, the ALJ included Dr. Anders's post-operative findings and X-ray in the ALJ's residual functional capacity assessment of Plaintiff (R. 24).  Plaintiff's motion on this issue is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 11) is DENIED; Defendant's Motion (Dkt. No. 13) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    May 13, 2019
           Buffalo, New York